Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JESUS EMPERATRIZ CISNEROS,

              *Plaintiff*,

-against-

ZOE CONSTRUCTION CORP., CARLOS ATIENCIA and ALEXANDRA LITUAMA.

              *Defendants.*

---------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Case No:** 21-cv-6579

      JESUS EMPERATRIZ CISNEROS ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., as against ZOE CONSTRUCTION CORP., CARLOS ATIENCIA and ALEXANDRA LITUAMA (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

      1.     Plaintiff is a former employee of Zoe Construction Corp. at 7237 Cooper Ave Ridgewood, NY 11385 that was owned and operated by Defendants ALEXANDRA LITUAMA, CARLOS ATIENCIA and ZOE CONSTRUCTION CORP.

      2.     Defendants own, operate, and/or controlled a construction company called ZOE CONSTRUCTION CORP. at 7237 Cooper Ave Ridgewood, NY 11385.

      3.     Plaintiff was employed by Defendants as a painter, compound maker and general laborer.

1

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours she worked each week.

5. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which she had to work over 10 hours per day.

6. Plaintiff now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. Plaintiff JESUS EMPERATRIZ CISNEROS ("Plaintiff CISNEROS") is an adult individual residing in Queens County, New York.

10. Plaintiff CISNEROS was employed by Defendants at ZOE CONSTRUCTION CORP. from approximately May 2018 through October 18, 2020.

11. ZOE CONSTRUCTION CORP. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 7237 Cooper Ave Ridgewood, NY 11385.

12. Defendant ALEXANDRA LITUAMA is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant ALEXANDRA LITUAMA is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

13. Defendant ALEXANDRA LITUAMA possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporation.

14. Defendant ALEXANDRA LITUAMA determined the wages and compensation of the employees of Defendants, including Plaintiff.

15. Defendant ALEXANDRA LITUAMA supervised Plaintiff on a daily basis.

16. Defendant ALEXANDRA LITUAMA issued pay to Plaintiff.

17. Defendant ALEXANDRA LITUAMA had the authority to hire and fire employees and in fact discharged Plaintiff.

18. Defendant CARLOS ATIENCIA is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant CARLOS ATIENCIA is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

19. Defendant CARLOS ATIENCIA possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

20. Defendant CARLOS ATIENCIA established the schedule for Plaintiff.

21. Defendant CARLOS ATIENCIA had the final word on all decisions relating to the business operations of ZOE CONSTRUCTION CORP.

22. Defendant CARLOS ATIENCIA supervised the employees and daily operations.

23. Defendant CARLOS ATIENCIA had the authority to hire and fire employees and did indeed hire and fire employees for ZOE CONSTRUCTION CORP.

24. Defendant CARLOS ATIENCIA directed Plaintiff's tasks and work on a daily basis.

25. Defendant CARLOS ATIENCIA controlled and/or supervised the payroll practices of ZOE CONSTRUCTION CORP.

26. Defendant CARLOS ATIENCIA issued pay to Plaintiff on a regular basis.

## FACTUAL ALLEGATIONS

27. Defendant ALEXANDRA LITUAMA possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

28. Defendant CARLOS ATIENCIA possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

29. Defendants are associated and joint employers, act in the interest of each other.

30. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

31. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

32. In the alternative, Defendants constitute a single employer of Plaintiff.

33. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

34. Upon information and belief, in each year from 2018 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous tools and construction items were used and purchased by ZOE CONSTRUCTION CORP., such as spackle, drywall, hammers, screws, paint, lumber, buckets, and all other tools and materials, were produced outside the State of New York.

*Plaintiff JESUS EMPERATRIZ CISNEROS*

36. Plaintiff CISNEROS was employed by Defendants from approximately May 2018 through October 2020.

37. Throughout his employment with defendants, Plaintiff CISNEROS was employed at the ZOE CONSTRUCTION CORP. as a painter, compound maker and general laborer.

38. Plaintiff CISNEROS regularly handled goods in interstate commerce, such as tools, paint, spackle and other supplies produced outside the state of New York.

39. Plaintiff CISNEROS' work duties required neither discretion nor independent judgment.

40. Plaintiff CISNEROS regularly worked in excess of 40 hours per week without a proper premium for his overtime hours.

41. From May 2018 until December 2019, Plaintiff CISNEROS typically worked between five (5) to seven (7) days per week from between 7:15 A.M and 7:45 A.M. until between 4:30 P.M. and 10:00 P.M (46-54 hours per week).

42. From approximately January 2020 until October 2020, Plaintiff CISNEROS typically worked between five (5) to seven (7) days per week from between 7:15 A.M and 7:45 A.M. until between 4:30 P.M. and 8:00 P.M (38-46 hours per week).

43. Defendants paid Plaintiff CISNEROS a day rate without premium for her overtime hours at the following rates:

    a. 2018 - $170 per day

    b. 2019 - $170 per day

    c. 2020 - $175 per day

44. No notification was given to Plaintiff CISNEROS regarding overtime wages under the FLSA and NYLL.

45. Defendants never provided Plaintiff CISNEROS with each payment of wages a statement of wages, as required by NYLL 195(3).

46. Defendants never provided Plaintiff CISNEROS, any notice in English and in Spanish (Plaintiff CISNEROS's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

49. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

50. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

53. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

54. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and

the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

57. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

58. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

61. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

62. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

8

63. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

64. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages and damages for any improper deductions or credits

9

taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j) Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(o) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
November 24, 2021

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*